IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER JAY SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case Number CIV-06-128-C |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation on July 28, 2006, to which Respondent, through counsel, has timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. Petitioner's objections to the Magistrate Judge's Report and Recommendation ("R&R") may be distilled to two premises: first, that Judge Purcell did not have a complete record of the materials presented to the Oklahoma Court of Criminal Appeals ("OCCA") and therefore could not properly evaluate the manner in which the OCCA considered those facts; or, second, that the OCCA failed to properly consider the facts before it. Neither of Petitioner's arguments have merit. First, none of the materials which Petitioner claims were unavailable to Judge Purcell were necessary to a proper resolution of the case. As Judge Purcell noted, the question at this stage is whether the OCCA's resolution of Petitioner's case was contrary to clearly

established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Materials that were filed in the state court without more do not establish that the OCCA improperly applied federal law. Here, Petitioner has failed to carry his burden of establishing error either with or without the documents.

As for Petitioner's challenge to the factual determinations made by the OCCA, Judge Purcell correctly noted that28 U.S.C. § 2254(e)(1) provides the relevant framework for evaluating these arguments. That statute states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Even after consideration of the additional materials appended to Petitioner's Objection, the Court finds Petitioner has failed to overcome the presumption of correctness afforded to the factual determinations of the OCCA. To the extent Petitioner asserts legal error in the R&R and/or the OCCA's rulings, his arguments are first premised on an alleged incorrect consideration of the facts. Because the Court finds no factual error has been demonstrated, there can be no legal error.

Finally, to the extent Petitioner raises other challenges to the R&R, the Court finds they are based on issues considered and properly rejected by Judge Purcell and there is no reason to address them further.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, denies this petition for habeas corpus relief. A judgment will enter accordingly.

IT IS SO ORDERED this 28th day of November, 2006.

ROBIN J. CAUTHRON
United States District Judge